On respondent's petition for reconsideration filed February 22,
reconsideration allowed; original opinion (203 Or App 366, 124 P3d 1275 (2005))
adhered to May 3, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD DESHAWN MASTIN,
*Appellant.*

0205-32755; A121763

134 P3d 1052

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Janet A. Metcalf, Assistant Attorney
General, for petition.

Before Edmonds, Presiding Judge, and Wollheim and
Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The state petitions for reconsideration of our opinion in *State v. Mastin*, 203 Or App 366, 124 P3d 1275 (2005), in which we reversed defendant's convictions and remanded based on the trial court's erroneous denial of defendant's motion to suppress. In *Mastin*, we held that the trial court erred, in part, in denying defendant's motion to suppress because the evidence was obtained as a result of the illegal stop of defendant. *Id.* at 372-75. However, we concluded that the trial court did not err in its denial of the motion to suppress with respect to the methamphetamine found in the trunk of the car in which defendant was a passenger based on the doctrine of inevitable discovery. *Id.* at 375-76. In its petition, the state raises a harmless error argument, asserting that, because we upheld the denial of the motion to suppress with respect to the methamphetamine, and defendant was convicted only of possession and delivery of methamphetamine, there was still enough evidence to support defendant's convictions. We allow reconsideration, and adhere to our original opinion.

The state overlooks the procedural posture of this case. Defendant's convictions were a result of a conditional guilty plea pursuant to ORS 135.335(3),[1] which was contingent on defendant's challenge to the denial of his motion to suppress. Under ORS 135.335(3), "[a] *defendant who finally prevails on appeal may withdraw the plea.*" (Emphasis added.)

In *State v. Dinsmore*, 182 Or App 505, 49 P3d 830 (2002), the state made a similar argument. In rejecting the state's argument, we stated:

"ORS 135.335(3) provides that a defendant may enter a conditional plea and reserve the right to appeal. More to the point, it provides that, if a defendant prevails on appeal, he

---

[1] ORS 135.335(3) provides:

"With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

or she may withdraw the plea. *Employing a harmless error analysis would defeat that statutory right. Defendant may, on remand, decide that she wishes to withdraw her plea and go to trial, or she may choose, in light of her limited success on appeal, not to withdraw it. The legislature, however, has left that choice to defendant."*

*Id.* at 519 (emphasis added). That reasoning applies equally to this case. Defendant prevailed on appeal and, therefore, under the terms of the statute, may choose to withdraw his plea. We cannot speculate, based on the record, what choice defendant will make.

Reconsideration allowed; original opinion adhered to.